UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14327** |
| **ZACHARY RAYNOR, ET AL.** | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is Plaintiff Brandon Williams' Motion to Remand. R. Doc. 12. The Motion is opposed. R. Doc. 14. For the reasons that follow, the Court will **DENY** the motion.

**I. BACKGROUND**

On May 9, 2018, Plaintiff Brandon Williams filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that on January 13, 2018, he was stopped at a traffic light headed east-bound on St. Charles Avenue when Defendant Zachary Raynor hit the car stopped behind Mr. Williams', causing the car behind Mr. Williams to "vault[] . . . into Mr. Williams' [car]." R. Doc. 1-2 at ¶¶ 4–5. Mr. Williams alleges Mr. Raynor "made no attempt to stop before the impact," and "did not realize traffic was stopped or intentionally declined to apply his breaks," as Mr. Raynor was "either asleep, . . . looking at his phone, or . . . intoxicated." *Id.* at ¶¶ 7–8.

As a result of the impact, Mr. Williams alleges he "sustained both new injuries and exacerbat[ed] previous injuries, . . . all of which are serious and extensive in nature, and require continuing medical care and treatment." *Id.* at ¶ 11. Mr. Williams asks for a judgment against Mr. Raynor and his automobile insurance company, Defendant Geico Casualty Insurance

1

Company ("Geico"), for "past, present and future pain and suffering; past, present and future medical and pharmaceutical expenses; past, present and future mental anguish and emotional trauma; past, present and future loss of enjoyment of life; loss of enjoyment of life; and other damages itemized at the trial of this matter." *Id.* at ¶ 11.

On December 31, 2018, Mr. Raynor removed the case to this Court. R. Doc. 1. In his notice of removal, Mr. Raynor contends this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. R. Doc. 1 at ¶ II.

## II. PRESENT MOTION

On January 30, 2019, Mr. Williams filed a Motion to Remand, arguing the Court lacks diversity jurisdiction over this action as both he and Mr. Raynor are citizens of Louisiana. R. Doc. 12-2 at 1–2. In opposition, Mr. Raynor submits he was a citizen of Pennsylvania at the time Mr. Williams filed suit in state court and when the case was removed to this Court. R. Doc. 14 at 1.

## III. LAW & ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If a federal court would have had original jurisdiction, a defendant may generally remove the case to federal court. In the present case, Mr. Williams asserts this Court has original jurisdiction over the suit pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between…citizens of different States." The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "To determine whether jurisdiction is present for removal, [the court should] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute should be strictly construed in favor of remand. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The only jurisdictional issue remaining in this case is whether diversity of citizenship existed at the time of removal.

To decide whether diversity jurisdiction exists, the Court must determine the parties' respective domiciles. *See Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). A party's domicile serves as his state of citizenship. *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "[T]he question of a person's domicile is a matter of federal common law." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)). In *Acridge v. Evangelical Lutheran Good Samaritan Society*, the Fifth Circuit provided a thorough explanation of how a person's domicile can change:

> A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change. There is a presumption of continuing domicile that applies whenever a person relocates. In order to defeat the presumption and establish a new domicile (the "domicile of choice"), the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely.

*Id.* (citation omitted); *see also Preston*, 485 F.3d at 798 ("A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."). "[M]ere presence

3

in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Coury*, 85 F.3d at 250. There are several factors that should be considered by a court determining a litigant's domicile.

> The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Id.* at 251. Although the party invoking federal jurisdiction bears the burden of establishing jurisdiction exists, the party attempting to show a change in domicile must carry the burden on that issue. *Id.* 250 ("There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." (citing *Lew v. Moss*, 797 F.2d 751 (9th Cir. 1986))).

In this case, Mr. Raynor was born in Pennsylvania, at which point he was without question a Pennsylvania citizen. *See Acridge*, 334 F.3d at 448. Thus, the issue before the Court is whether Mr. Raynor was domiciled in Louisiana by the time Mr. Williams filed suit and, if so, whether Mr. Raynor retained that status at the time of removal. *See Coury*, 85 F.3d at 249 (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)).

The facts at issue on this subject are largely undisputed. Rather, the parties dispute the impact of those facts on Mr. Raynor's citizenship. In support of his argument that Mr. Raynor acquired Louisiana citizenship prior to the filing of this suit, Mr. Williams points to the fact that Mr. Raynor moved to Louisiana to attend college at Tulane University, and that, upon graduation, Mr. Raynor remained in Louisiana, obtained full-time employment in Louisiana, took out a policy of insurance as a Louisiana insured, and transacted using his Louisiana address,

4

including when he took out his car insurance policy with Geico.[1]

In opposition, Mr. Raynor points to his sworn affidavit, which he affixed to the notice of removal. R. Doc. 1-3. In his affidavit, Mr. Raynor states, "he has been a citizen of Pennsylvania since birth," and that, "although he attended college at Tulane University in New Orleans, he returned home to Pennsylvania for Christmas and other holidays, and always intended to return to Pennsylvania to live on a permanent basis." *Id.* at ¶¶ 1, 3. Moreover, Mr. Raynor has always retained his Pennsylvania driver's license and has been registered to vote in Pennsylvania since first registering to vote. Mr. Raynor also points out that, although he remained in New Orleans upon graduation, he resided there for only a few months before returning to Pennsylvania. R. Doc. 14 at 3.

While Mr. Raynor has some contacts with Louisiana suggesting he intended to remain indefinitely in Louisiana, Mr. Raynor's contacts with Pennsylvania suggesting he retained his Pennsylvania citizen throughout his time in Louisiana are more significant. As a result, the Court finds Mr. Williams' evidence fails to rebut the presumption that Mr. Raynor's domicile was in Pennsylvania at the time Mr. Williams filed suit and when the case was removed to this Court. As a result, the Court will deny Mr. Williams' motion to remand for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Brandon Williams' Motion to Remand, R. Doc. 12, be

---

[1] Mr. Williams points to *Roberts v. Boxer*, No. 17-7881, 2018 WL 2440625, at *1–2 (E.D. La. May 31, 2018) arguing that "student who claims that they do not intend to remain in the state where they are being educated can still abandon his domicile of birth and acquire a new domicile where they are attending college by remaining in the state for an indefinite amount of time." R. Doc. 12-2 at 4. The circumstances in *Roberts* are easily distinguishable from this case, however, as in *Roberts*, the student whose domicile was in question argued she was "a citizen of the State of Connecticut despite having resided in New Orleans for ten years." 2018 WL 2440625, at *1. In this case, it is undisputed that Mr. Raynor remained in Louisiana for only a few months after graduation.

5

and hereby is **DENIED**.

New Orleans, Louisiana on this 7th day of March, 2019.

                                              Eldon E. Fallon
                                      U.S. District Court Judge